UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN ASHLEY HALE                                                                             PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 3:19CV813-TSL-RPM

DR. PATRICK ARNOLD et al                                                              DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Trinity Food Service's (Trinity) motion to dismiss. Doc. [36]. Plaintiff John Ashley Hale, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging denial of adequate medical care at the East Mississippi Correctional Facility (EMCF) for treatment of his Hepatitis-C, chronic pain, and mental health conditions. In addition, Plaintiff alleges Defendant Trinity does not provide him with sufficient food. According to Plaintiff, Trinity waters down and short serves food, which has deprived Plaintiff of balanced nutrition and caused him to lose weight and muscle mass. Doc. [1] at 26. As a result of Trinity's "custom and practice", he contends he suffers daily hunger pains and he does not receive adequate protein in his diet. *Id.* at 26, 36. He further alleges Trinity has a policy of not permitting Hepatitis-C inmates, such as himself, to work in the kitchen. Doc. [10] at 13. Plaintiff contends he is being denied the opportunity to work in the kitchen because of Trinity's discriminatory policy. *Id.*

## Law and Analysis

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a

motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

In its motion to dismiss, Trinity argues (1) Plaintiff fails to plead sufficient facts to state a claim against Trinity; (2) Trinity is not a "state actor" as required by 42 U.S.C. § 1983; (3) *respondeat superior* claims against Trinity are not actionable under § 1983; and (4) Plaintiff is not entitled to punitive damages. Plaintiff has not filed a response in opposition to Trinity's motion.

**Plead Sufficient Facts**

Trinity asserts Plaintiff fails to plead sufficient facts to state a cause of action against it. In his complaint, Plaintiff alleges Trinity provides inadequate food and nutrition to maintain his weight and muscle mass. He alleges significant weight loss as a consequence of Trinity's "custom and practice" of short serving and watering down food. Under the Constitution, prison officials are required to provide inmates with well-balanced meals, containing sufficient nutritional value to preserve health. *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1997). The Court finds Plaintiff's factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss. Moreover, Plaintiff also alleges Trinity discriminated against him based on Trinity's policy of not employing Hepatitis-C patients, such as himself, in the kitchen. Trinity does not address this claim in its motion to dismiss.

**State Actor**

Trinity argues it is not a "state actor" for purposes of § 1983. Rather, Trinity asserts it is merely a private company contracted to provide food services to inmates at EMCF. A private corporation such as Trinity can be held liable under § 1983 if it is "fairly said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The majority of courts to consider this issue have rejected the contention that a prison food service provider is not a state actor for purposes of § 1983. *See Christian v. Hale*, Case No. 3:18-cv-01370, 2019 WL 7559789, at *7 (S.D. W. Va. June 27, 2019). Recently, U.S. Magistrate Judge Linda Anderson rejected this very argument raised by Trinity in the context of prisoner civil rights litigation; however, she recommended dismissal on alternative grounds. *See Wilson v. White*, No. 3:19CV441HTW-LRA, 2020 WL 5163528, at *3 (S.D.Miss. August 2, 2020). For the reasons stated in *Christian* and *Wilson*, the undersigned finds that Trinity does qualify as a "state actor".

*Respondeat Superior*

Trinity argues Plaintiff has alleged only claims of *respondeat superior* against it, which are not cognizable under § 1983. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Burris v. Davis*, 642 F.Supp.2d 573, 578 (S.D.Miss. 2009). Liability may not attach to Trinity unless its policies, practices, or customs cause the alleged constitutional injury. *See Monell*, 436 U.S. at 691; *Williams v. McGee*, No. 2:15-cv-21-FKB-FKB, 2018 WL 847178, at *2 (S.D.Miss. Feb. 13, 2018).

Trinity argues that Plaintiff's claims are against its employees for short-serving Plaintiff and not against Trinity for any policy, practice, or custom. In his complaint, however, Plaintiff alleges Trinity has a custom or practice of not providing balanced nutrition to inmates, which has resulted in significant weight loss for Plaintiff. Doc. [1] at 26. Whether fault lies with Trinity's

3

employees or as a result of Trinity's policy, practice, or custom is a question to be determined at a later date, in a motion for summary judgment. As noted earlier, Plaintiff also has alleged discrimination based on Trinity's policy of not employing Hepatitis-C patients. Trinity does not address this claim in its motion to dismiss.

**Punitive Damages**

Although Trinity acknowledges that punitive damages are potentially available under § 1983, it argues Plaintiff's claim for punitive damages should be dismissed because the circumstances of this case do not warrant them. According to Trinity, Plaintiff cannot establish and has not alleged it engaged in any conduct based on evil motive or intent or a reckless or callous disregard for Plaintiff's constitutional rights. *See Smith v. Wade*, 461 U.S. 30, 56 (1983). Given that Plaintiff's claims survive Rule 12(b)(6) analysis, the undersigned recommends that ruling be reserved for a later date on the issue of punitive damages consequent to Defendant's alleged unconstitutional actions.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant Trinity Food Service's [36] Motion to Dismiss be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on

all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 29th day of December 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE