UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN ASHLEY HALE                                                     PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:19CV813-TSL-RPM

DR. PATRICK ARNOLD et al                                          DEFENDANTS

**REPORT AND RECOMMENDATIONS**

This matter is before the Court on a motion for summary judgment filed by Defendants

Kernesha Price and Management & Training Corporation (MTC). Doc. [52]. Plaintiff John

Ashley Hale, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil

rights complaint alleging denial of adequate medical care at the East Mississippi Correctional

Facility (EMCF) for treatment of his Hepatitis-C, chronic pain, and mental health conditions. In

addition, Plaintiff brings claims against Defendant Kernesha Price, an employee of MTC, based

on her conduct as Plaintiff's unit manager at EMCF.[1] In his complaint and memorandum in

support, Plaintiff makes no specific allegations against either Price or MTC. Doc. [1] [4]. In a

later response to court order, Plaintiff alleges that Price moved a gang member into his cell and

that the cellmate attacked Plaintiff twice, even after Price had been made aware of threats and

harassment by the cellmate. Doc. [10] at 14. According to Plaintiff, Price retaliated against him

after he wrote an ARP grievance against her related to this incident of April 12, 2019. *Id.* at 14-

15.

---

[1] Plaintiff's complaint deals almost exclusively with medical treatment issues and, more specifically, with his Hepatitis-C condition. His claims against Defendants Price and MTC bear no relationship to the medical treatment claims and therefore appear to be misjoined by Plaintiff in an effort to circumvent the three-strikes provision of the Prison Litigation Reform Act. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In fact, the Fifth Circuit recently affirmed Plaintiff's third strike, noting that he is a "vexatious litigant," and barred him from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. *See Hale v. Harrison Co. Bd. of Supervisors*, 8 F.4th 399 (5th Cir. 2021).

At the screening hearing, Plaintiff testified that he sued MTC because of its custom and practice of allowing gang members to assign their own cells. Doc. [48] at 46. With respect to Defendant Price, Plaintiff testified that she retaliated against him because he objected to a gang member being placed in his cell. He also testified the Price moved him to Unit 6, which is one of the worst parts of the prison, in retaliation for him filing an ARP grievance related to the objectionable cellmate. *Id.* at 43. Plaintiff could not remember the name of the cellmate who attacked him, but he said he was a "gangster" and a "young kid" who tried to bully him. *Id.* at 44. According to Plaintiff, the cellmate attacked him when he tried to steal Plaintiff's radio. *Id.* at 44-45. Plaintiff suffered minor scratches from the incident and did not require medical attention. After Price moved Plaintiff to Unit 6, he had no further altercations. *Id.* at 45.

Liberally construed Plaintiff's complaint raises failure-to-protect and retaliation claims against Defendant Price, as well as a policy, custom, or practice claim against MTC. Defendants filed their motion for summary judgment on April 20, 2021. Doc. [52]. Plaintiff has not filed a response in opposition.

## Law and Analysis

### Standard of Review

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations

of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**<u>Failure to Protect</u>**

Plaintiff alleges that Price put a gang member in his cell and that he and his cellmate had a fight because the cellmate attempted to steal Plaintiff's radio. Plaintiff suffered only minor scratches from the incident and did not require medical attention. Liberally construed, Plaintiff has asserted a failure-to-protect claim against Defendant Price.

Prison officials have a constitutional duty to protect inmates from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). However, prison officials are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to the

inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety" and disregards that risk. *Id.* at 837. An officer's awareness of the risk is evaluated subjectively. *Longoria*, 473 F.3d at 592-93. A prison official knows of an excessive risk only if (1) he is aware of facts from which he could infer that a substantial risk of serious harm exists, and (2) he in fact draws the inference. *Id.* at 593. No liability exists if an official reasonably responded to a known substantial risk, even if the harm was ultimately not averted. *Id.*

Plaintiff's original complaint and supporting memorandum contained no allegation whatsoever against Defendant Price. *See* Doc. [1] [4]. In an unsworn post-complaint pleading, Plaintiff indicated that his cellmate attacked him twice and that he had informed Defendant Price that he had been harassed and threatened by the cellmate. Doc. [10] at 14. The undersigned finds that Plaintiff's pleading does not constitute competent summary-judgment evidence, because it is not sworn as required by Rule 56(c)(4) and does not otherwise comply with the statutory exception in 28 U.S.C. § 1746, which allows an unsworn declaration to substitute for an affidavit if it is made "under penalty of perjury" and verified as "true and correct." A complaint executed in the form prescribed by § 1746 transforms the factual allegations from "mere allegations" to "specific facts" as if set forth in an affidavit. *See Searcy v. Cooper*, No. 01-112, 2002 WL 535058, at *3 (N.D.Tex. Apr. 9, 2002). Although Plaintiff "submitted" the pleading in question "under penalty of perjury", he did not verify or declare that the statements contained in it are "true and correct". *See Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1989) ("Kline never declared her statement to be true and correct; therefore, her affidavit must be disregarded as summary judgment proof); *Francois v. Lamartiniere*, No. 16-637-SDD-RLB, 2019 WL 2494597, at *1 n.3 (M.D.La. May 24, 2019) (finding unsworn complaint did not

constitute competent summary-judgment evidence because plaintiff did not verify his statements as true and correct). *Compare Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (finding the plaintiff had a "verified complaint" when the plaintiff attached a signed declaration under penalty of perjury that "the foregoing is true and correct").

When he testified under oath at the screening hearing, Plaintiff did not mention two separate attacks by his cellmate. He only identified the single incident of April 12, 2019, regarding a fight over Plaintiff's radio that resulted in minor scratches. *See* Doc. [48] at 43-45. Moreover, Plaintiff did not testify that he had alerted Defendant Price to any threat of harm prior to the attack or that he requested to be moved to a different cell out of fear for his safety. On the other hand, Defendants presented as summary-judgement evidence Plaintiff's incident history, which does not report any fight or altercation between Plaintiff and his cellmate prior to Plaintiff being moved to Unit 6 on April 12, 2019. *See* Doc. [52-2]; [52-3] at 2. Defendants also submitted Price's sworn declaration. Doc. [52-7]. In her declaration, she states that she spoke with Plaintiff about issues he was having with his cellmate leading up to the alleged incident. She previously had moved three inmates out of Plaintiff's cell because he had reported problems with each one. According to Price, Plaintiff did not inform Plaintiff that he had been assaulted by his cellmate or that the cellmate had threatened his safety. As a result of multiple cellmate issues in Unit 2, Price eventually reassigned Plaintiff to Unit 6. Although Plaintiff alleges that he objected to being housed with a gang member, he does not identify any specific, known risk to his safety from which Price could infer that a substantial risk of serious harm existed. The undisputed summary-judgment evidence demonstrates that Price did not exhibit deliberate indifference to his plight. Rather, she responded to Plaintiff's objections about cellmates by moving different inmates into his cell on three occasions; and eventually she moved him to a

different unit.  Based on the foregoing, the undersigned finds that Defendant Price is entitled to summary judgment on Plaintiff's failure-to-protect claim.

In the alternative, Plaintiff has failed to state a failure-to-protect claim because he has not alleged an injury that is more than *de minimis*.  *See Ruiz v. Price*, 84 F.App'x. 393, 395 (5th Cir. 2003) ("Ruiz cannot receive damages as relief against these defendants because he did not allege more-than-de-minimis injury.").  By his own admission, Plaintiff received only "minor scratches" from the altercation.  These scratches did not require medical treatment.  Plaintiff's injuries fail to rise to the level of a constitutional injury.  *See Spivey v. Wilson*, No. 5:17-CV-00094, 2019 WL 5095629, at *9 (E.D. Tex. Sept. 27, 2019), *aff'd*, 850 F.App'x 902 (5th Cir. 2021) (finding that contusions and three small lacerations in back of the head, which were treated with Dermabond and three days of Tylenol for pain, were *de minimis* injuries and, thus, dispositive of failure-to-protect claim); *Mack v. Crites*, No. H-06-0064, 2006 WL 6584616, at *1 (S.D. Tex. Feb. 13, 2006) (concluding that bruising and minor cut were *de minimis* in nature and, thus, insufficient to support an Eighth Amendment failure-to-protect claim); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. Sept. 11, 1997) (finding generally that injuries such as "scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches" fail to state a failure-to-protect claim).

## **Retaliation**

Plaintiff alleges two overlapping bases for his retaliation claim against Price.  First, he contends that she retaliated against him because he objected to having a gang member placed in his cell.  Second, he contends that she retaliated against him by moving him to Unit 6, because he submitted a grievance against Price regarding the gang member cellmate.

To state a valid claim for retaliation under § 1983, Plaintiff must allege (1) a specific constitutional right; (2) the defendants' intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act, and (4) causation. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Retaliation against a prisoner is actionable only if it is capable of deterring a prisoner of ordinary firmness from further exercising of his constitutional rights. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). The inmate must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). To demonstrate causation, the plaintiff must establish that but for the retaliatory motive the incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Plaintiff was moved from Unit 2 to Unit 6 on April 12, 2019, shortly after an incident with his cellmate. As an initial consideration, Plaintiff has no constitutional right to be housed in the unit or cell of his choosing. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *Taylor v. Jagers*, 115 F.App'x 682, 684 (5th Cir.2004); *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir.1988). Defendant Price stated that Plaintiff's move to Unit 6 was based solely on his classification status. *See Kirby v. Johnson*, 243 F.App'x 877, 879 (5th Cir. 2007) ("prison officials exercise sole discretion over inmate classification"). As demonstrated by the undisputed summary-judgment evidence, Price moved Plaintiff to Unit 6 for a non-retaliatory reason—because of repeated problems Plaintiff had with cellmates in Unit 2. Moreover, Plaintiff did not file his grievance against Price until after he had been moved to Unit 6. *See* Doc. [52-4] at 3; [52-7] at 2. Plaintiff apparently threatened to file a grievance against Price only after being told that he was going to be moved to another unit. *See* Doc. [52-6]; Doc. [52-7] at 2.

7

The contents of the grievance reflect that Plaintiff had already been moved to another unit before it was filed.[2]  *See* Doc. [52-4] at 3.  Thus, his later-filed grievance could not have been the basis for any retaliatory act.  Based on the foregoing, the undersigned finds that Defendant Price is entitled to summary judgment on Plaintiff's retaliation claim.

## Custom and Practice

Plaintiff asserts a claim against MTC based on its custom and practice of allowing gang members to choose their housing assignments.  Even though it is a private prison-management company, MTC is treated as a municipality for purposes of Plaintiff's § 1983 claims.  *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003) ("a private entity acts under color of state law when that entity performs a function which is traditionally the exclusive province of the state").  "The standards applicable to determining liability under § 1983 against a municipal corporation are applicable to determining the liability of a private corporation performing a government function."  *Olivas v. Corr. Corp. of Am.*, 408 F. Supp.2d 251, 254-55 (N.D. Tex. 2006).  To assert a claim against MTC, Plaintiff must establish three elements: (1) an official policy, practice, or custom; (2) the official policy must be linked to the constitutional violation; and (3) the official policy must reflect the defendant's deliberate indifference to the injury.  *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002).  *See also Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  It is well established that under § 1983, a defendant may not be held liable for the unconstitutional conduct of its subordinates under a theory of *respondeat superior*.  *See Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990).  A defendant is not liable for constitutional violations committed by its employees unless those violations result directly from a custom or

---

[2] In the grievance dated April 12, 2019, Plaintiff wrote that Price "caused me injury by her indifference then move me in retaliation for asserting my rights."  Doc. [52-4] at 3.

policy. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010). It is only when the execution of a policy or custom inflicts the injury that the defendant may be found liable. *Monell v. Dep't of Social Services*, 436 U.S. 658, 679-80 (1978).

Plaintiff argues that MTC has a custom or practice of permitting gang-affiliated inmates to choose their own cell assignments. Plaintiff fails to identify any constitutional injury that he suffered because of this alleged custom or practice. Consequently, he has failed to state a claim against MTC.

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants [52] Motion for Summary Judgment be GRANTED and that Plaintiff's claims against Defendants Kernesha Price and Management & Training Corporation be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 12th day of January 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE