```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION
```

JOHN ASHLEY HALE                                         PLAINTIFF

VS.                              CIVIL ACTION NO. 3:19CV813TSL-RPM

DR. PATRICK ARNOLD, ET AL.,                             DEFENDANTS

ORDER

    This cause is before the court on the report and recommendation of Magistrate Judge Robert P. Myers entered on January 12, 2022 (Dkt. No. 64), recommending that the motion of defendants Kernisha Price and Management Training Corporation (MTC) for summary judgment be granted. Plaintiff did not respond to defendants' motion for summary judgment, and yet he has now filed objections to the report and recommendation, in which he (1) maintains that his allegation of potential harm from MTC's alleged policy of allowing gang members to choose their own housing assignments was sufficient to preclude summary judgment on his putative claim for equitable relief; (2) argues that he should have been given an opportunity to provide evidence to support the allegations in his amended complaint relating to his failure-to-protect claim against Price; (3) seeks to add a new factual allegation to the retaliation claim against Price, that is, that she changed his cell assignment because he threatened to file an

1

administrative complaint against her.  Plaintiff's objections are without merit.

Initially, the court concludes that plaintiff's objections should be overruled because he waived these arguments by failing to present them to the magistrate judge.  See Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994) ("[A] party has a duty to put its best foot forward before the Magistrate Judge—i.e., to spell out its arguments squarely and distinctly—and, accordingly, that … party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge[.]") (internal quotation marks omitted).  Further, even had he not abandoned the arguments by his failure to assert them in response to the motion for summary judgment, the court would nevertheless overrule the objections.

Despite his assertion otherwise, plaintiff's failure to come forward with any proof of a custom or policy on MTC's part, in the face of MTC's well-supported motion, dooms any claim for equitable relief.  Hudson v. City of Laurel, No. CIVA 206CV179KS-MTP, 2007 WL 1296054, at *2 (S.D. Miss. May 2, 2007) ("To defend against a proper summary judgment motion, one may not rely on mere denial of

2

material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial."). Regarding the second objection, plaintiff, an experienced pro se litigator, had two opportunities to offer proof regarding Price's alleged failure to protect him, namely, in his sworn testimony at the omnibus hearing and in affidavit submitted in response to defendants' summary judgment motion. He did neither and will not be heard to complain now.[1] Finally, even had he purported to offer an affidavit to the effect that Price moved him in retaliation for his threat to file an administrative remedy against her, the court would strike the same as being contradictory to his sworn testimony at the omnibus hearing. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony."). At the omnibus hearing, Hale, who had been sworn, unequivocally testified that the basis for his retaliation claim was that Price "came

---

1  Plaintiff also failed to provide an affidavit in support of his objection.

3

right out and told me [that she moved me] because I wrote her up." He did not testify that his claim was based any way on an allegation that she changed his assignment because he threatened to write her up.

Based on the foregoing, it is ordered that plaintiff's objections are overruled and that the report and recommendation of United States Magistrate Robert P. Myers entered on January 12, 2022, be, and the same is hereby, adopted as the finding of this court.  It follows that the motion of defendants Price and MTC for summary judgment is granted.

SO ORDERED this 9th day of March, 2022.


                                       /s/ Tom S. Lee
                                       UNITED STATES DISTRICT JUDGE